[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On March 12, 1992 this case was remanded for a rehearing on a portion of the findings with a direction to the fact-finder that "the determination of the damages should take into account the services relating to the basement leases and the resulting problems." The reason for this was that it was not clear in the findings whether they had been. A Supplemental Finding of Fact dated September 1, 1992 was issued by the fact-finder.
In this Supplemental Finding of Fact the fact-finder identified those services rendered by the plaintiff which related to the basement leases and stated that charges for these services had been considered in his original November 21, 1991 recommendation for judgment.
The defendants have filed two objections to the fact-finder's findings. The first is that the fact-finder improperly concluded that the plaintiff had proven the amount due. The second is that the fact-finder erred in concluding that the plaintiff's services were professionally rendered.
This is an action to collect on a bill outstanding for services rendered. It is not a legal malpractice case. Over the course of the several years that the plaintiff was providing legal services to the defendants under an oral hourly contract, bills were submitted by the plaintiff and these bills were paid. The format of the CT Page 9280 bills, their content, their specificity were not questioned. They were paid. At some point when the bills were becoming overdue a plan was worked out between the parties whereby the plaintiff would make specific payments of $1,000 at set intervals toward the outstanding balance.
During the time that the plaintiff was rendering legal services pertaining to the basement leases, bills for these legal services were submitted. There were no requests by the defendants for more detailed breakdowns because they pertained to the basement leases. Indeed, the problems involving those basement leases were worked out with the requisite legal services being provided by the plaintiff. The plaintiff terminated its legal services to the defendants when the defendants stopped making payments to the plaintiff on their outstanding bill for legal services rendered.
The fact-finder found that outstanding bill to be $14,420.81, and recommended that judgment enter for the plaintiff on the first count against all the defendants in that amount. The fact-finder also found that the plaintiff had filed an offer of judgment for $12,000 on August 13, 1990 and recommended interest be awarded the plaintiff at the rate of 12 per cent per annum from June 18, 1990 until the date of judgment together with attorney fees of $350.00. The fact-finder recommended that judgment enter for the defendants on the second count CUPTA claim as unproven.
The thrust of the objections raised by the defendants have to do with the recordkeeping of the plaintiff which the defendants claimed resulted in the plaintiff overbilling.
The defendants also complained that the legal services required for the basement area resulted from problems created by the plaintiff. The fact-finder had all this before him in a hearing which took place over a three day period. The Finding of Fact together with the Supplemental Finding of Fact support the fact-finder's recommended judgment. Accordingly, judgment may enter in accordance with the fact-finder's recommendations as to count one and two.
CT Page 9281 Mary R. Hennessey, Judge